# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLIE TAYLOR, JR.,**

       **Plaintiff,**

-vs-                                        **Case No.  6:05-cv-1524-Orl-19KRS**

**WILLIAM McLEOD, et al.,**

       **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On October 12, 2005, Charlie Taylor, Jr., appearing *pro se*, filed a complaint against William McLeod, Raymond McLeod, Charlie Martin, Margaret Quarantello, the McLeod Law Firm, P.A., and the Estate of Johnie McLeod (collectively "the defendants"), doc. no. 1, along with a motion for leave to proceed *in forma pauperis*, doc. no. 2. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Taylor's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See, e.g., Hamaas v. Florida*, No. 305CV771J99HTS, 2005 WL 2063787, at *1 (M.D. Fla. Aug. 22, 2005) (noting that "28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*.").

**I.     STANDARD OF REVIEW.**

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) to dismissals for failure to state a

claim on which relief may be granted under section 1915(e)(2)(B). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

**II.   ANALYSIS.**

In his complaint, Taylor asserts claims for: (1) breach of fiduciary duty (Count I); (2) civil rights violations (Count II); (3) conspiracy to commit civil rights violations (Count III); and (4) "vicarious liability" (Count IV). Doc. No. 1. The allegations in the complaint appear to center around probate proceedings and related disputes concerning the estate of Charlie Taylor, Sr. It is unclear precisely which claim or claims apply to each defendant. Thus, for purposes of the present

analysis, I will assume that Taylor intended to assert each cause of action set forth in the complaint against each defendant.

Taylor's civil rights claims are predicated upon the Civil Rights Act of 1861, 42 U.S.C. § 1983.[1]  Compl. at ¶ 2.  In sum, Taylor alleges that the McLeod Law Firm engaged in "numerous instances of disparate (and vastly inferior) treatment of and provision of services by . . . its lawyers to African Americans, despite the fact that they are similarly situated to White Americans for all intents and purposes."  Compl. at ¶ 27.  Taylor further alleges that Quarantello conspired with William McLeod "to violate [his] . . . civil rights . . . by treating him in ways, based on her belief that she can get away with such discrimination against a Black in this time and place especially in the joint pursuit of such Black man's money by a prominent White attorney . . . .  Compl. at ¶ 30.

To establish liability against a private party in a personal or individual capacity under § 1983, a plaintiff must show that the defendant deprived him of a federal right, while acting "under color of state law."[2]  *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263,

---

[1] The statute provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[2] "In cases [arising] under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7 (1966)).

1276-77 (11th Cir. 2003). Put simply, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id*. at 1277 (internal quotation marks and citation omitted); *accord Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1258 (M.D. Fla. 2004) ("[F]or a plaintiff to recover under § 1983, there must be a showing of state action. Merely private conduct, no matter how wrongful, is not actionable under § 1983."). "Conduct is fairly attributable to a state where: (1) it is 'caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the State or by a person for whom the State is responsible'; and (2) where the party charged with the deprivation is a person who may 'fairly be said to be a state actor.'" *Id*. at 1258 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The Supreme Court has set forth three distinct tests for determining whether the conduct of a private party rises to the level of "state action" sufficient to state a claim under § 1983: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. *Nat'l Broad. Co., Inc., v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988). In sum:

> The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. . . . The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. . . . The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.

*Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (alternation original, internal quotation marks and citations omitted).

Taylor's complaint falls considerably short of satisfying any of these requirements. Specifically, Taylor does not allege that any of the defendants engaged in functions that are traditionally considered to be within the sphere of state government. Moreover, there is no allegation that the State of Florida coerced or significantly encouraged the alleged violations which form the basis of Taylor's civil rights claims. Finally, there is no allegation that the State of Florida "insinuated itself into a position of interdependence" with any of the defendants.

With respect to the state law claims for breach of fiduciary duty and "vicarious liability," Taylor alleges in his complaint that "all defendants reside(d) and/or conducted business within the Middle District of Florida's jurisdiction." Compl. at ¶ 5. Taylor also resides in Florida. Compl. at ¶ 3. Thus, any exercise of jurisdiction over Taylor's state law claims must be predicated upon the Court's supplemental jurisdiction under 28 U.S.C. § 1367. "Where a court dismisses all federal claims prior to trial, it is 'strongly encouraged or even require[d]' to dismiss the state law claims over which it has no original jurisdiction." *Kabeller v. Orlando Reg'l Healthcare Sys., Inc.*, No. 6:04-CV-1106ORL19DAB, 2005 WL 1925717, at *4 (M.D. Fla. Aug. 11, 2005) (quoting *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)). Accordingly, I recommend that the Court also dismiss the state law claims for lack of jurisdiction.

## III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court dismiss Taylor's complaint, without prejudice. I further recommend that the pending motion for leave to proceed *in forma pauperis* (doc. no. 2) be denied as moot. Finally, I recommend that Taylor be permitted to

file an amended complaint, as set forth above, along with a renewed motion for leave to proceed *in forma pauperis,* within (11) eleven days after its ruling on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 21, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy